IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN PIERCE BISHOP,<br><br>Defendant. | CR 14-00329 LEK<br>CV 15-00367 LEK-RLP |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING CERTIFICATE OF APPEALABILITY**

Before the Court is pro se Defendant/Petitioner Benjamin Pierce Bishop's ("Bishop") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed on September 17, 2015. [Dkt. no. 94.[1]] Plaintiff/Respondent the United States of America ("the Government") filed its memorandum in opposition on November 6, 2015, and Bishop filed his reply on December 7, 2015. [Dkt. nos. 102, 104.] After careful consideration of the § 2255 Motion, supporting and opposing memoranda, and the relevant legal authority, Bishop's Motion is HEREBY DENIED, and a certificate of appealability is also DENIED, for the reasons set forth below.

[1] The § 2255 Motion is filed both in United States v. Bishop, CR 14-00329 LEK, and Bishop v. United States, CV 15-00367 LEK-RLP. All citations related to the § 2255 Motion refer to the filings in CR 14-00329.

**BACKGROUND**

On March 13, 2014, Bishop waived indictment, [dkt. no. 68,] and pled guilty to violations of 18 U.S.C. § 793(d) ("Count 1") and (e) ("Count 2") [Mem. of Plea Agreement ("Plea Agreement"), filed 3/13/14 (dkt. no. 70), at 2]. Bishop's court-appointed attorney was Birney B. Bervar, Esq. On September 17, 2014, this Court sentenced Bishop to eighty-seven months of imprisonment followed by three years of supervised release for each count, to run concurrently. [Minutes, filed 9/17/14 (dkt. no. 90.] Judgment was entered on September 18, 2014. [Dkt. no. 91.] Bishop did not file an appeal.

In his § 2255 Motion, Bishop asserts the following grounds: (1) "[w]ide disparity in sentences imposed for similar criminal offenses committed by similar offenders" ("Ground One"); [Mem. in Supp. of § 2255 Motion at 1;[2]] (2) "[d]isproportionate sentencing from overly zealous investigation and prosecution where there is no criminal intent and no harm to national security" ("Ground Two"); [id. at 14;] and (3) ineffective assistance of counsel, specifically "[i]nexperience of court-appointed defense counsel to work a national security case and negotiate charges for appropriate sentence" ("Ground Three") [id.

---

[2] Attached to Bishop's § 2255 Motion is a consecutively paginated, handwritten document that explains why he believes he is entitled to relief. For the sake of clarity, the Court will refer to Bishop's handwritten document as his memorandum in support of his § 2255 Motion.

at 24].

The Government responds by stating that, in his plea agreement, Bishop waived his right to challenge all but "(1) ineffective assistance of counsel, or (2) an upward departure from his guideline sentencing range." [Mem. in Opp. at 5.] The Government also argues that Grounds One and Two have been procedurally defaulted because Bishop did not raise them on direct appeal, and Bishop has not made the requisite showing to excuse default. [Id. at 6-7 (some citations omitted) (citing United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)).]

The Government asserts that, even if they were not waived or barred, Grounds One and Two have no merit. Ground One has no merit because Bishop's real challenge is to the "charging decisions and discretion of the Executive Branch." [Id. at 7-8.] The Government states that the separation of powers doctrine "established by the Constitution" gives the executive branch the authority to prosecute as it sees fit, as long as a defendant is not "singled out for disparate treatment for any prohibited reason." [Id. at 9.] Bishop's sentencing arguments do not allege that the Government used a constitutionally prohibited classification, and therefore fail as a matter of law.

Ground Two has no merit because: (1) Bishop admitted to "knowingly and willfully" disclosing information that he knew

was classified to a citizen of the People’s Republic of China, who did not have the required security clearance; and (2) Bishop provides no factual basis for his contentions that the disclosure of classified documents was “altruistic” or that he received a disproportionate sentence. [Id. at 14-16.]

Finally, the Government argues that Mr. Bervar was not ineffective, as Bishop has not shown deficient performance or any prejudice that stemmed from Mr. Bervar’s representation. In addition, Bishop himself argues that Mr. Bervar represented him well. [Id. at 18-19.]

Therefore, the Government submits that Bishop has no grounds for challenging his conviction, and his § 2255 Motion should be denied without an evidentiary hearing or a certificate of appealability. [Id. at 20-22.]

## STANDARD

This district court has recently stated the standard of review for § 2255 motions:

> Title 28 U.S.C. § 2255(a) provides:
>
> > A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

> attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A court may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R. 4(b), Rules Governing Section 2255 Proceedings. A court need not hold an evidentiary hearing if the allegations are "palpably incredible [or] patently frivolous," Blackledge v. Allison, 431 U.S. 63, 76 (1977), or if the issues can be conclusively decided on the basis of the evidence in the record. See United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). A petitioner must "allege specific facts which, if true, would entitle him to relief." United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir. 2003) (internal quotation marks and citation omitted).

Claims that could have been raised on direct appeal (but were not) may not be the basis for a § 2255 motion unless the petitioner can demonstrate "either 'cause' and actual 'prejudice'[''] or that he or she is "actually innocent." Bousely v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted). "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." United States v.[ ] Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000) (citation omitted); see also Olney v. United States, 433 F.2d 161, 162 (9th Cir. 1970) ("Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255.").

Leon v. United States, Civ. No. 15-00099 JMS-BMK, Cr. No. 09-00452 JMS, 2015 WL 3965895, at *4 (D. Hawai`i June 29, 2015) (some alterations in original).

## DISCUSSION

### I. Procedural Bar and Waiver

Bishop did not appeal his judgment of conviction. [§ 2255 Motion at 3.] Moreover, even if Bishop had filed a direct appeal of his conviction, Bishop waived Grounds One and Two in his Plea Agreement:

> 13. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph “b” below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any other ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.
>
> a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph “b” below, or (2) based on a claim of ineffective assistance of counsel.
>
> b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence

in a collateral attack.

[Plea Agreement at 11-12.]

Further, when Bishop entered his guilty plea on March 13, 2014, he confirmed the voluntary waiver of his right to appeal on all but two grounds:

> [MR. SORENSON[3]: ]Your Honor, in the agreement, the Defendant has also waived his right to appeal his sentence so long as that sentence is within the maximum provided by statute, and he waives his right to challenge his sentence by way of any collateral proceeding such as § 2255, except in the instance of a claim on ineffective assistance of counsel. The defendant may appeal the sentence in the event of an upward departure from the Defendant's Guideline range.
>
> . . . .
>
> THE COURT: Mr. Bishop, does that accurately summarize your agreement with the Government?
>
> THE DEFENDANT: It does.
>
> THE COURT: Do you understand that you are waiving or giving up all of your rights to appeal except for two situations. First, if Judge Kobayashi imposes a sentence above the advisory sentencing guidelines; and second, in the event of ineffective assistance of counsel?
>
> THE DEFENDANT: I do.
>
> THE COURT: Do you fully understand the charges covered by the plea agreement?
>
> THE DEFENDANT: I do.

[3] Mr. Sorenson was the Assistant United States Attorney assigned to this case.

[Trans. of 3/13/14 Waiver of Indictment; Arraignment and Plea of Guilty to the Felony Information ("3/13/14 Trans."), filed 10/21/15 (dkt. no. 101), at 10-11.] The magistrate judge noted that he could not determine Bishop's sentence before he accepted the plea agreement:

> THE COURT: Do you understand that the Court will not be able to determine the advisory guideline sentence for your case until after the presentence report has been completed, and you and the Government have had an opportunity to challenge the reported facts and the application of the guidelines recommended by the Probation Officer, and that the sentence imposed may be different from any estimate your attorney may have given you?
>
> THE DEFENDANT: I understand.
>
> THE COURT: Do you also understand that after your advisory guideline range has been determined, the Court has the discretion and authority to depart from the guidelines and to impose a sentence that is more severe or less severe than the sentence indicated in the advisory sentencing guideline range?
>
> THE DEFENDANT: I understand.
>
> . . . .
>
> THE COURT: If the sentence is more severe than you expected, you will still be bound by your plea. Even if you do not like the sentence imposed by the Court, you will not be able to withdraw your plea. The time to make that decision is now. Do you understand that?
>
> THE DEFENDANT: I understand.

[Id. at 13-15.]

This Court notes that Bishop's sentence was at the low end of the applicable guideline. See Trans. of 9/17/14 Sentencing Proceedings ("9/17/14 Trans."), filed 10/15/15 (dkt. no. 100), at 10, 30 (explaining that the "applicable guidelines" provide for a "range of 87 to 108 months' imprisonment as to each of counts 1 and 2" and imposing a sentence of "87 months as to each of counts 1 and 2 to be served concurrently"). In addition, Bishop did not file a direct appeal and, in his Plea Agreement, he knowingly waived his right to challenge his sentence on Grounds One and Two. While dissatisfaction with the length of one's sentence is understandable and, perhaps, even inevitable for many defendants, it does not render a sentence unconstitutional. Grounds One and Two are therefore procedurally barred.

This Court CONCLUDES that Bishop is not entitled to an evidentiary hearing because the record conclusively shows that Bishop is not entitled to relief on Ground One or Ground Two. Bishop's § 2255 Motion is therefore DENIED as to Grounds One and Two. Bishop, however, did not waive his right to bring Ground Three. See, e.g., United States v. Roswell, Nos. CR 10-00822 LEK, CV 12-00567 LEK-KSC, 2013 WL 2420656, at *3 (D. Hawai`i May 31, 2013) ("Ineffective assistance of counsel claims, however, are not subject to the procedural bar rule." (citing Massaro v. United States, 538 U.S. 500, 504 (2003))). The Court therefore

turns to the merits of Ground Three.

## II. Ground Three - Ineffective Assistance of Counsel

In Ground Three, Bishop asserts that Mr. Bervar was ineffective because his "omission to secure a negotiated sentence with the Government before sentencing" resulted in "an increase in [Bishop's] prison term." [Mem. in Supp. of § 2255 Motion at 32-33.] Bishop explains, "[i]njustice lies not in the conviction, but in the failure to negotiate the charges for an appropriate sentence." [Id. at 33.] This district court has stated that

> [a]n ineffective assistance of counsel claim requires petitioner to show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there was prejudice because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). A petitioner must overcome the strong presumption that a defense counsel rendered adequate assistance. Jones v. Ryan, 583 F.3d 626, 637-38 (9th Cir. 2009).

Butler v. United States, Cr. No. 10-00880 HG-01, Cv. No. 13-00387 HG-RLP, 2014 WL 584761, at *6 (D. Hawai`i Feb. 13, 2014).

Bishop has not shown that Mr. Bervar's counsel was in any way unreasonable. Bishop himself repeatedly notes Mr. Bervar's commitment to challenging the Government's "accusations." See, e.g., Mem. in Supp. of § 2255 Motion at 3 ("Bernie Bervar[ ] defused several Government accusations"); id. at 21 ("For one year, Bernie Bervar repeatedly defused similar

Government accusations.”); id. at 29 (“Still, for a year, Bernie Bervar continued to defuse several government accusations that I disclosed classified information.”). Further, Bishop states that “Bernie Bervar is an intelligent, quick-thinking and experienced defense attorney.” [Id. at 24.]

The gravamen of Bishop’s ineffective assistance claim is that this was Mr. Bervar’s “second career national security case” and that he “did not demonstrate a reasonable strategy to negotiate a recommended sentence with the Government.” [Id. at 24, 30.] Inexperience itself, without more, is not a violation of the first prong of Strickland. See, e.g., Woods v. Sinclair, 764 F.3d 1109, 1132 (9th Cir. 2014) (holding that, even where a capital defendant’s attorneys “were inexperienced in capital litigation” and overworked, the defendant “must point to specific acts or omissions that may have resulted from counsel’s inexperience and other professional obligations.” (citing Strickland, 466 U.S. at 690, 104 S. Ct. 2052)). Further, Bishop’s claim that Mr. Bervar’s inexperience in national security cases amounts to ineffective assistance is not credible. As the Government points out, “Bervar is one of the few attorneys in the nation to have actually prepared for and tried a complex espionage case.” [Mem. in Opp. at 18 (citing United States v. Gowadia, Doc. #05-000486 SOM).] Bishop’s claim that Mr. Bervar did not have a strategy in regard to his sentencing also lacks

credibility. Bishop’s Plea Agreement states, in relevant part:

> 4. . . . . In return for his plea of guilty to Counts 1 and 2 of the Information, the government agrees that it will not seek to charge the Defendant with additional charges related to his willful communication of national defense information or willful retention of national defense information. Nor will the government seek to prosecute Defendant for his conduct in allegedly submitting a false claim to the Department of Defense related to a claim for residential rental expenses while residing at his personal residence.

[Plea Agreement at 2-3.] Further, the Plea Agreement notes,

> The United States Attorney agrees that Defendant’s agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government’s Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline Section 3E1.1(b)(2), if Defendant is otherwise eligible.

[Id. at 9.] Thus, the Plea Agreement itself evidences that negotiations occurred between the Government and Mr. Bervar. In addition, before Bishop accepted the plea agreement, the magistrate judge informed him, as noted *supra*: Bishop would not know his advisory guideline sentence until a later date; the judge could depart from that guideline if she so desired; and that he could not withdraw his plea if he disagreed with the sentence. See 3/13/14 Trans. at 13-15. Bishop stated on the record that he understood the magistrate judge’s explanation. Bishop was aware of the uncertain nature of his sentence when he

accepted the Plea Agreement. [Id. at 13-15.]

In his Reply, Bishop argues for the first time that he believed that he had waived his "right to challenge the sentence by direct appeal or by motion under Section 2255."[4] [Reply at 4.] Bishop adds, "My attorney did not submit a direct appeal to the sentence or inform me that I could appeal the sentence within 14 days. His omission demonstrates an ineffective assistance of counsel which caused me to forfeit my chance for a direct appeal of the sentence in a timely manner." [Id. at 4-5.] Insofar as Bishop presents a new argument in his Reply, it is improper and must be disregarded. See Local Rule LR7.4 ("A reply must respond only to arguments raised in the opposition. Any argument raised for the first time in the reply shall be disregarded.").

Even if Bishop had made this argument in his § 2255 Motion, it does not show that Mr. Bervar's representation fell below an objective standard of reasonableness. As this Court has

---

[4] In his Reply, Bishop states, "The U.S. Department of Justice recently released a new policy that bans federal prosecutors from asking defendants to waive any potential ineffective assistance of counsel claims that they may have against their attornies [sic] as a condition of accepting a plea." [Reply at 2.] Bishop asserts that now "federal prosecutors may not include language that constitutes such a waiver in plea bargain documents, and waivers included in documents that were executed prior to the implementation of this new policy may not be enforced." [Id. at 2-3.] Insofar as Plaintiff argues that his Plea Agreement is invalid for this reason, his argument is not credible. Bishop's Plea Agreement did not waive his right to bring a claim for ineffective assistance of counsel, and any assertion to the contrary is unfounded.

already noted, Bishop waived his right to appeal all but an upward departure from the sentencing guidelines and ineffective assistance of counsel. See 3/13/14 Trans. at 10-11; Plea Agreement at 11-12. Bishop's sentence fell within the sentencing guidelines. Further, while Bishop states that Mr. Bervar did not file an appeal, Bishop does not state that he asked Mr. Bervar to do so. This district court has stated,

> Where a defendant instructs counsel to pursue an appeal, and the counsel fails to do so, that representation is *per se* ineffective (even in the face of an appeal waiver). United States v. Sandoval-Lopez, 409 F.3d 1193, 1997 (9th Cir. 2005). A different rule applies, however, where a defendant and his counsel do not discuss appellate rights. Roe v. Flores-Ortega, 528 U.S. 470 (2000), rejected the Ninth Circuit's bright-line rule that failing to file a notice of appeal without the defendant's consent is *per se* deficient under Strickland. Instead, the Court held that where the defendant "neither instructs counsel to file an appeal nor asks that an appeal not be taken," a court must ask whether counsel consulted with the defendant about an appeal, meaning to advise the defendant about the advantages and disadvantages of an appeal and making a "reasonable effort to discover the defendant's wishes." Flores-Ortega, 528 U.S. at 478. If counsel did not consult with the defendant, the court must determine if the failure to consult with the defendant constitutes deficient performance. Id. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal where there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. A "highly relevant" factor is whether the conviction follows a trial or guilty plea, and whether the defendant waived his appellate rights.

> Id.
>
> . . . .
>
> Using the Flores-Ortega framework, the court easily concludes that [the attorney's] performance was not deficient. The Ninth Circuit recently opined that where a defendant waived his right to appeal and did not affirmatively ask his counsel to file a notice of appeal, the failure to file that notice is not deficient:
>
> > In the hypothetical scenario where [the defendant] never expressed any desire to appeal, Flores-Ortega would completely foreclose an ineffective assistance of counsel claim. In such a scenario, because there was no ground for appeal, as an appeal had been waived, and he had obtained the benefit of his very favorable plea bargain, no rational defendant would want to appeal. So [the defendant's] lawyer's failure to file a notice of appeal would not be deficient performance, if he and his client did not consult about an appeal.
>
> [United States v.] Sandoval-Lopez, 409 F.3d [1193,] 1196 [(9th Cir. 2005)]. Although dicta, the reasoning is clearly applicable to Ho. Given the appeal waiver, and that he was sentenced below the guideline range (resulting in a waiver of appellate review of his sentence), no rational defendant would want to appeal. See also, United States v. Jeronimo, 398 F.3d 1149, 1152-53 (9th Cir. 2005) ("We lack jurisdiction to entertain appeals where there was a valid and enforceable waiver of the right to appeal.").

Ho v. United States, CR. No. 05-00027-02 JMS, Civil No. 07-00473 JMS-BMK, 2008 WL 425584, at *3-4 (D. Hawai`i Feb. 15, 2008). The reasoning adopted in Ho is also clearly applicable here. Because Bishop's sentence was within the sentencing guidelines, there

were no grounds for an appeal and no rational reason for him to file an appeal.

The Court has considered all of the relevant portions of the record, and FINDS that Mr. Bervar had sufficient experience to adequately represent Bishop, and that Mr. Bervar worked to negotiate a beneficial Plea Agreement for Bishop. Further, when Bishop accepted the Plea Agreement, he knew that this Court would impose a sentence at a later date and that no one, including Mr. Bervar, the United States Attorney, and the magistrate judge, could make any promises about the length of his sentence. Finally, Bishop's contention that Mr. Bervar should have filed an appeal is not supported by the record. Given the specifics of his Plea Agreement, a rational defendant in Bishop's position would not want to file an appeal. Nor is there any indication Bishop instructed Mr. Bervar to file one. Thus, Bishop has not shown that Mr. Bervar's representation fell below an objective standard of reasonableness. Therefore, the Court CONCLUDES that Bishop is not entitled to an evidentiary hearing as to Ground Three, and the Court also CONCLUDES that it plainly appears from the § 2255 Motion, and the record in this case, that Bishop is not entitled to relief on Ground Three. Bishop's Motion is therefore DENIED as to Ground Three.

**III. Other Matters**

On September 24, 2015, the Court referred the § 2255 Motion to the Federal Public Defender ("FPD") for review, and on September 29, 2015, the FPD Office filed a notice advising the Court that it could not accept appointment in this case due to a conflict of interest and/or the appearance of impropriety. [Dkt. nos. 97, 98.] On October 2, 2015, this Court issued an Order Reserving Ruling on the Appointment of Counsel ("10/2/15 Order"). [Dkt. no. 99.] It is well-established that there is no constitutional right to counsel in § 2255 proceedings. See, e.g., United States v. Figueroa-Ochoa, No. 2:13-CR-2103-TOR-1, 2015 WL 5124112, at *2 (E.D. Wash. Sept. 1, 2015) ("Regarding appointment of counsel, there is no constitutional right to counsel in habeas proceedings." (citing McCleskey v. Zant, 499 U.S. 467, 495, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991); Nevius v. Sumner, 105 F.3d 453, 459 (9th Cir. 1996))). Therefore, because this Court has determined that an evidentiary hearing on the § 2255 Motion is not necessary, this Court FINDS that the interests of justice do not require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B) (stating that, whenever a district court "determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28"). Further, Bishop has provided the Court with

filings that have been highly articulate and well-crafted. This Court commends him on the quality of his briefs and only wishes more licensed attorneys were as succinct and articulate in their submissions.

**IV. Certificate of Appealability**

This district court recently stated,

> In dismissing a § 2255 motion, the court must also address whether [defendant/petitioner] should be granted a certificate of appealability ("COA"). See R. 11(a), Rules Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
>
> "The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by* Swarthout v. Cooke, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity, but something less than a merits determination." Id. (internal quotation marks omitted).
>
> The court carefully reviewed [the defendant/petitioner's] assertions and gave him every benefit by liberally construing them. Based on the above analysis the court finds that reasonable jurists could not find the court's rulings debatable.

Leon, 2015 WL 3965895, at *9-10 (some alterations in original). This Court FINDS that reasonable jurists would not finds its

rulings debatable and therefore DENIES issuance of a COA.

## CONCLUSION

On the basis of the foregoing, Bishop's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 17, 2015, is HEREBY DENIED. Further, this Court also DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 30, 2015.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. BENJAMIN PIERCE BISHOP; CR 14-00329 LEK; CV 15-00367 LEK-RLP; ORDER DENYING MOTION UNDER 28 U.S.C.§ 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING CERTIFICATE OF APPEALABILITY**